## IN THE MATTER OF MANUEL APONTE CINTRON, Bankrupt.

## IN THE MATTER OF PETITION FOR REMOVAL OF TRUSTEE.

Ponce, Bankruptcy, No. 366.

Opinion filed March 13, 1924.

*Mr. Vicente Zayas Pizarro* for petitioning creditors.

*Mr. Pedro Albizu Campos* for Mr. Agustin Blasini, trustee.

ODLIN, Judge, delivered the following opinion:

In this case there was presented to this court a petition on behalf of certain creditors of the bankrupt for the removal of the trustee upon various grounds, which may be briefly stated as follows:

That the trustee has devoted all his time spent in connection with the above-entitled case in order to procure money, not for the benefit of any creditor, but for the commissions of the referee and for himself and for the payment of gross, excessive, and exaggerated attorney's fees without complaining, objecting, or even without asking for any review of such improper payments made by the former referee in bankruptcy, Mr. Arturo Ortiz Toro. It is also alleged that Mr. Blasini in his capacity as trustee caused the estate of the bankrupt to incur various expenses claimed to be illegal and improper, and a review of certain expenses so claimed has been asked for by the counsel for the creditors and is now under consideration by this court, the total amount of such alleged illegal expenses being $811.32; and it is also claimed that no report of these last mentioned expenses was made until the court directed the trustee to do so over one year after the said expenses had been incurred.

It is a matter of record in this court that the former referee in bankruptcy, Mr. Arturo Ortiz Toro, resigned his position at about the time charges against him were being prepared. He was succeeded by Mr. Antonio Torres Cordova, a very competent referee, who unfortunately departed this life a few month ago and was succeeded by the present referee at Ponce, Mr.

Allah Torres. When this present petition for the removal of the trustee was filed, this court referred the matter to the then referee in bankruptcy at Ponce, Mr. Antonio Tores Cordova, for the purpose of receiving certain testimony, because all the witnesses, or nearly all, resided at Ponce, and the expense would be much less than if they were brought to San Juan.

I do not find it necessary to review the evidence in detail. It is a matter of record already that Mr. Arturo Ortiz Toro, while he was referee in bankruptcy, directed the trustee to make payments to Mr. E. Flores Colon, counsel for the bankrupt, in the ridiculously absurd amount of $4,000, and that this was done without notice to the creditors, and that this court there- after directed the said E. Flores Colon to refund the sum of $3,600, inasmuch as $400 was ample compensation for his services, and the said E. Flores Colon has recently filed a peti- tion in this court in his own behalf as a voluntary bankrupt. It is also undisputed that the assets of the said bankrupt real- ized nearly $9,000 in cash and that not one penny thereof has been paid to any creditor. All this money has been improperly and illegally distributed among attorneys and in alleged ex- penses of administration of the bankrupt estate. I doubt if any case can be found in the books since the Congress of the United States enacted the Bankruptcy Law which shows great- er abuses than this present case. It was clearly the duty of any responsible and sensible trustee, upon receiving orders from the referee so clearly illegal and improper, to report the same to the judge of the court before complying therewith. Mr. Blasini did not do this. It is not claimed that he put any of this money in his own pocket fraudulently, and in reaching my conclusion that he should be removed as trustee I wish to base

my action clearly upon the ground of incompetency and not upon the ground of dishonesty.

The law governing this question is found clearly set forth at page 1031, vol. 2, of Collier on Bankruptcy, 13th edition. I quote as follows: "It is not necessary to justify a trustee's removal, that he be guilty of personal dishonesty; he may have so conducted the business or affairs of the estate as to have lost the confidence of the creditors and prevented their co-operation with him, in which case it will be for the benefit of the estate that he be removed." Mr. Collier cites the case of Bollman v. Tobin, decided by the circuit court of appeals of the eighth circuit, reported in 152 C. C. A. 347, 239 Fed. page 469, which decision is to the effect that where a trustee has not only failed to carry out the wishes of the creditors by whom he was chosen, but has placed himself in direct antagonism to them without being able to assign any good reason for so doing, he should be removed, especially where the co-operation of the creditors is indispensable to the efficient administration of the trust.

Convinced as I am that the continuance of Mr. Blasini will be obnoxious to certain important creditors of the bankrupt, and that these creditors have very good reason for complaining against Mr. Blasini, there is nothing left for this court to do but to grant the petition for his removal, and it is so ordered.

The present referee at Ponce, Mr. Allah Torres, will notify all the creditors of Manuel Aponte Cintron, the bankrupt, that the court has removed Mr. Blasini, and the said referee will call a meeting of all the creditors as soon as practicable in order that they may elect some competent and proper person as a new trustee. Upon the election of such new trustee, Mr. Blasini

will turn over to the latter all assets of the bankrupt estate, if any, which may be in his possession.

Done and Ordered, in open court at Ponce, Porto Rico, this 13th day of March, 1924.